**Katten**MuchinRosenman **LLP**

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
212.940.8776 fax

JOEL W. STERNMAN
j.sternman@kattenlaw.com
212.940.7060 direct
212.940.6728 fax

March 28, 2006

The Honorable James G. Carr
Chief Judge
United States District Court
Northern District of Ohio
Western Division (Toledo)
203 United States Courthouse
1716 Spielbusch Avenue
Toledo, OH 43624

Re:   <u>**Roberta Casden v. Michael J. Burns, et al., CA No. 3:06CV7068**</u>

Dear Judge Carr:

In his March 24, 2006 letter (a copy of which we received by facsimile on March 27), counsel for plaintiff in the above action relies on various authorities for the proposition that "the automatic stay provisions do not apply to actions which inure to the benefit of debtor's estate." Significantly, however, none of the cited cases involved a shareholder asserting claims derivatively on behalf of a company that subsequently filed for protection under the Bankruptcy Code. Instead, each involved claims <u>by</u> or <u>against</u> a debtor, not claims <u>on behalf of</u> a debtor and, as a result, none provides any authority applicable here.

The effect of the automatic stay on previously filed derivative actions was recently illustrated in *Seinfeld v. Allen*, 2005 WL 1231644 (S.D.N.Y. May 25, 2005), *aff'd by summary order,* 2006 WL 461385 (2d Cir. Feb. 27, 2006). There, plaintiff had filed a derivative action against directors of WorldCom less than one month before it filed for bankruptcy. In analyzing the issues before it, the District Court stated, among other things, as follows:

> A bankruptcy filing temporarily vests the property of the bankrupt corporation, known as the debtor, in a bankruptcy estate. The bankruptcy estate is an entity that is legally separate from the debtor. . . . It comprises, with few exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). Such property "includes all kinds of property, including tangible or intangible property [and] causes of action." . . . Section 541(a)(1) of the bankruptcy code "has been construed to prevent individual shareholders and creditors from suing to enforce a right of the corporation when that corporation is in bankruptcy." . . . "[W]hile normally the fiduciary obligation of officers, directors, and shareholders 'is enforceable

NEW YORK      CHARLOTTE      CHICAGO      IRVING      LONDON      LOS ANGELES      PALO ALTO      WASHINGTON, DC      WWW.KATTENLAW.COM

LONDON AFFILIATE: KATTEN MUCHIN ROSENMAN CORNISH LLP

A limited liability partnership including professional corporations

84122721.2

**Katten**Muchin**Rosenman** LLP

The Honorable James G. Carr
March 28, 2006
Page 2

> directly by the corporation or through a stockholder's derivative action, it is, in
> the event of bankruptcy of the corporation, enforceable by the trustee." 2005 WL
> at *3 (citations omitted).

As the District Court noted, "[i]mportant policy reasons exist for assigning derivative causes of action to the bankruptcy estate: 'Making the pursuit of certain causes of action the sole responsibility of the trustee in bankruptcy furthers the fundamental bankruptcy policy of equitable distribution among creditors. It allows the trustee to exercise the "strong arm" power and recover corporate assets for the benefit of all creditors of the corporation.'" 2005 WL at *3-4 (citations omitted).[1]

In *Seinfeld*, a derivative action had been filed before the company on whose behalf it was brought entered bankruptcy. Following the bankruptcy, the action was stayed. Because the shareholder failed to petition the Bankruptcy Court "to compel the debtor in possession to either bring suit or abandon the claim" (2005 WL at *5), and the plan subsequently approved by the Bankruptcy Court barred derivative claims against former directors, the Court granted defendants' motions to dismiss.

*See also* the following (many of which are cited in *Seinfeld*): *Cumberland Oil Corp. v. Thropp*, 791 F.2d 1037, 1042 (2d Cir. 1986) ("[W]hile normally the fiduciary obligation of officers, directors, and shareholders 'is enforceable directly by the corporation or through a shareholders' derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee'") (internal citations omitted); *Mitchell Excavators v. Mitchell*, 734 F.2d 129, 131 (2d Cir. 1984) (rejecting appellant's argument that it could bring a derivative action following a bankruptcy because "appellant fails to recognize that the filing of the bankruptcy petition immediately altered the rights of the Corporation and the manner in which its rights could be asserted"); *In re General Development Corp.*, 179 B.R. 335, 337 (S.D. Fla. 1995) (dismissing derivative action because "[a] corporation's filing for bankruptcy cuts off a shareholder's ability to bring a derivative claim"); and *In re Interpictures, Inc.*, 86 B.R. 24, 28 (E.D.N.Y. 1988) (actions purporting to bring derivative claims on behalf of corporations violate 11 U.S.C. § 362(a)(3) because they impermissibly constitute an "act to . . . exercise control over property of the estate").

For the foregoing reasons, and for the reasons set forth in my March 14, 2006 letter, all further proceedings in the Casden action and in the two other derivative actions purportedly on behalf of

---

[1]   References to the rights of trustees appointed in Chapter 11 cases are equally applicable to companies that are debtors in possession. 2005 WL at *3 n.4.

**KattenMuchinRosenman LLP**

The Honorable James G. Carr
March 28, 2006
Page 3


Dana that have not been voluntarily dismissed should be stayed.[2]

Respectfully,

Joel W. Sternman
JWS:jc

cc:    Jeffrey P. Fink, Esq.
       William J. Lucas, Esq.

---

[2]    Qun James Wang v. Benjamin F. Bailar, et al., CA No. 3:06CV7038 and Steven Staehr v.
       Michael J. Burns, et al., CA No. 3:06CV7069.

## Certificate of Service

I hereby certify that on March 28, 2006, a copy of the foregoing *Response to Plaintiff's Letter dated March 24, 2006* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

s/ Joseph P. Thacker

Joseph P. Thacker
Cooper & Walinski, LPA
900 Adams Street
Toledo, OH 43624
(419) 241-1200
thacker@cooperwalinski.com
(0013039)