UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERTA CASDEN, Derivatively On Behalf of DANA CORPORATION and On Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>vs.<br><br>MICHAEL J. BURNS, ROBERT C. RICHTER, RICHARD B. PRIORY, A. CHARLES BAILLIE, MARILYN R. MARKS, EDMUND M. CARPENTER, JAMES P. KELLY, CHERYL W. GRISÉ, SAMIR G. GIBARA, DAVID E. BERGES, RICHARD M. GABRYS, GLEN H. HINER, BENJAMIN F. BAILAR, ERIC CLARK AND FERNANDO M. SENDEROS,<br><br>             Defendants,<br><br>   – and –<br><br>DANA CORPORATION, a Virginia corporation,<br><br>             Nominal Defendant. | Civil Action No. 3:06-cv-07068-JGC<br><br>DERIVATIVE AND CLASS ACTION |

**PLAINTIFF'S RESPONSE TO THE COURT'S
APRIL 11, 2006 ORDER TO SHOW CAUSE**

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
JEFFREY P. FINK
S. BENJAMIN ROZWOOD
D. SCOTT CARLTON
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile:  619/525-3991

WILLIAM J. LUCAS CO., L.P.A.
WILLIAM J. LUCAS
(Supreme Ct. #0008268)
1360 West 9th Street, Suite 200
Cleveland, OH  44113
Telephone: 216/771-8340
Facsimile: 216/522-9007

*Attorneys for Plaintiff Roberta Casden*

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE.....................................2

       A.    Plaintiff's Shareholder Derivative Claims...............................................3

       B.    Plaintiff's Class Action Claims .................................................................3

       C.    The Court's Response to Dana Corp.'s Chapter 11 Bankruptcy Petition .................4

III.   ARGUMENT .......................................................................................................4

       A.    This Court Has the Jurisdiction and the Duty to Determine Whether the
             Case Should Be Stayed ...........................................................................4

       B.    Plaintiff's Shareholder Derivative Claims Should Not Be Stayed ...........................5

             1.    Section 362's Provisions Only Apply to Actions Against Debtors,
                   Not to Actions Brought By or on Behalf of Debtors ...................................6

             2.    Plaintiff is Entitled to Bring Her Derivative Claims Under  Virginia
                   Law…………………………………………………………………..………8

                   a.    Virginia Law Controls Whether Plaintiff May Bring an
                         Action on Behalf of Dana Corp. ............................................8

                   b.    Plaintiff Retains Concurrent Right to Pursue Derivative
                         Claims ............................................................................9

             3.    Dana Corp. Waived Its Right to Assert Plaintiff's Derivative
                   Claims Directly and Is Estopped to Assert Those Claims Now ...............10

             4.    The Policies and Purposes Underlying the Stay Support Plaintiff's
                   Right to Pursue the Shareholder Derivative Claims Here .........................11

       C.    Plaintiff's Class Claims Should Not Be Stayed ....................................................14

IV.    CONCLUSION...................................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Adelman v. Conotti Corp.*,
  215 Va. 782 (Va. 1975)...................................................................... 14

*Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.*,
  682 F.2d 446 (3d Cir. 1982)................................................................. 7

*Baumann v. Capozio*,
  269 Va. 356 (Va. 2005)...................................................................... 11

*Checkers Drive-In Rests., Inc. v. Comm'r of Patents & Trademarks*,
  51 F.3d 1078 (D.C. Cir. 1995) ............................................................. 7

*Cohen v. Beneficial Indus. Loan Corp.*,
  337 U.S. 541 (1949) ........................................................................... 5

*Cornick v. Hi Grade Cleaners, Inc.*,
  595 F. Supp. 718 (N.D. Ill.1984) ........................................................ 6

*Fid. & Deposit Co. of Maryland v. Conner*,
  973 F.2d 1236 (5th Cir. 1992) ............................................................. 8

*Fox v. Deese*,
  234 Va. 412 (1987) ........................................................................... 11

*Gillis v. Keystone Mut. Cas. Co.*,
  172 F.2d 826 (6th Cir. 1949) ............................................................... 5

*Glass v. Glass*,
  228 Va. 39 (Va. 1984).......................................................................... 14

*Grogan v. Garner*,
  498 U.S. 279 (1991) ......................................................................... 12

*In re Chugach Forest Prods., Inc.*,
  23 F.3d 241 (9th Cir. 1994) ............................................................... 12

*In re Cont'l Air Lines, Inc.*,
  61 B.R. 758 (S.D.Tex. 1986) .............................................................. 12

*In re Crazy Eddie Secs. Litig.*,
  104 B.R. 582 (E.D.N.Y. 1989) ............................................................ 6

*In re First Cent. Fin. Corp.*,
  238 B.R. 9 (E.D.N.Y. 1999) ................................................................ 6

*In re Gibson Group, Inc.*,
  66 F.3d 1436 (6th Cir. 1995) .......................................................... 9, 10

*In re Graham Square, Inc.*,
  126 F.3d 823 (6th Cir. 1997) ............................................................... 9

*In re Hillsborough Holdings Corp.,*
   130 B.R. 603 (Bkrtcy. M.D. Fla. 1991) ........................................................... 6

*In re N. Coast Village, Ltd.,*
   135 B.R. 641 (9th Cir. 1992) ........................................................................ 12

*In re Schauer,*
   835 F.2d 1222 (8th Cir.1987) ....................................................................... 9

*Kamen v. Kemper Fin. Servs., Inc.,*
   500 U.S. 90 (1991) .......................................................................... 8, 11, 13

*Kilmer v. Flocar, Inc.,*
   212 F.R.D. 66 (N.D.N.Y. 2002) ..................................................................... 7

*Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities,*
   825 F.2d 946 (6th Cir. 1987) ....................................................................... 5

*Local Loan Co. v. Hunt,*
   292 U.S. 234 (1934) ................................................................................ 12

*Lynch v. Johns-Manville Sales Corp.,*
   710 F.2d 1194 (6th Cir. 1983) ................................................................. 6, 15

*Maritime Elec. Co., Inc. v. United Jersey Bank,*
   959 F.2d 1194 (3d Cir. 1991) ....................................................................... 7

*Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n,*
   892 F.2d 575 (7th Cir. 1989) ................................................................... 7, 12

*Meyer v. Fleming,*
   327 U.S. 161 (1946) ............................................................................ *passim*

*Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Orpheum Theater Co., Ltd.,*
   151 B.R. 560 (D. Kan. 1993) ........................................................................ 7

*N.L.R.B. v. Bildisco & Bildisco,*
   465 U.S. 513 (1983) ................................................................................ 10

*N.L.R.B. v. Edward Cooper Painting, Inc.,*
   804 F.2d 934 (6th Cir. 1986) ....................................................................... 5

*Parry v. Mohawk Motors of Michigan, Inc.,*
   236 F.3d 299 (6th Cir. 2000) ....................................................................... 6

*Rest. Co. v. United Leasing Corp.,*
   No. 051451, 2006 WL 1042239 (Va. Apr. 21, 2006) ................................................ 13

*Riggs v. Johnson County,*
   73 U.S. 166(1867) .................................................................................. 5

*Shannon v. Gen. Elec. Co.,*
   186 F.3d 186 (2d Cir. 1999) ....................................................................... 14

*Simmons v. Miller,*
   261 Va. 561 (Va. 2001) ........................................................................ 4, 7, 13

*Smith v. McInver*,
  22 U.S. 532 (1824)...................................................................................... 5, 13

*Smith v. Sperling*,
  354 U.S. 91 (1957) ........................................................................................ 13

*Teachers Ins. & Annuity Ass'n of Am. v. Butler*,
  803 F.2d 61 (2d Cir. 1986).............................................................................. 6

*United States v. New Buffalo Amusement Corp.*,
  600 F.2d 368 (2d Cir. 1979)........................................................................... 14

*United States v. Vispi*,
  545 F.2d 328 (2d Cir. 1976)........................................................................... 14

*Utilities Ins. Co. v. Ledford*,
  255 F.2d 123 (6th Cir. 1958) ........................................................................... 5

*Vendo Co. v. Lektro-Vend Corp.*,
  433 U.S. 623 (1977)......................................................................................... 7

*Walters v. First Tennessee Bank, N.A. Memphis*,
  855 F.2d 267 (6th Cir. 1988) ........................................................................... 7

*Waynesboro Village, L.L.C. v. BMC Props.*,
  255 Va. 75 (Va. 1998).................................................................................... 11

*WLR Foods, Inc. v. Tyson Foods, Inc.*,
  869 F. Supp. 419 (W.D.Va. 1994) ................................................................. 14

*Worth v. Tamarack Am, a Div. of Great Am Ins. Co.*,
  47 F. Supp. 2d 1087 (S.D. Ind. 1999) .............................................................. 7

## STATUTES, RULES AND REGULATIONS

11 U.S.C.
  §362(a) ........................................................................................................... 14
  §541(a)(1) ......................................................................................................... 8
  §1106(a)(3) ...................................................................................................... 11
  §1107(a) ..................................................................................................... 10, 11

28 U.S.C.
  §1332(c)(1) ...................................................................................................... 13

Va. Code Ann.
  §13.1-672.1 .................................................................................................. 6, 8

## OTHER AUTHORITIES

13 W. Fletcher,
  Cyclopedia of the Law of Private Corporations §5954 (rev. ed. 1991).............. 8

H.R. Rep.
  No. 95-595 (1977)........................................................................................... 12

## I.      INTRODUCTION

On April 11, 2006, the Court issued an Order to Show Cause (the "Order") why shareholder plaintiff, Roberta Casden, should not be stayed from pursuing her claims against officers and directors of Dana Corporation ("Dana Corp." or the "Company") because the Company filed a petition to reorganize its business under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Court should decline to impose a stay on several grounds.

First, plaintiff brings no claims and seeks no relief against Dana Corp. itself.  Plaintiff is suing individual officers and directors of Dana Corp., none of which have filed bankruptcy.  Second, plaintiff's derivative claims seek relief only on behalf of Dana Corp., which would accrue to the benefit of the debtor's estate, rather than deplete it.  Court decisions addressing the purpose and scope of 11 U.S.C. §362 ("Section 362") show that actions taken for the benefit of the debtor's estate are not subject to those stay provisions.  Third, under Virginia law, plaintiff has a statutory right to pursue her derivative claims on Dana Corp.'s behalf because the Board of Directors (the "Board") rejected her demand that Dana Corp. itself pursue those claims.  Fourth, the Company's current Board is identical in composition to the Board that previously rejected plaintiff's demand.  There is no basis to conclude that defendants will now cause Dana Corp. to pursue its claims against them as "debtor-in-possession" when they previously abandoned those claims.

For these reasons, and for the reasons set forth herein, plaintiff is entitled to pursue her shareholder derivative and class action claims.  Dana Corp. had over $1.1 billion in assets net of liabilities when defendants filed Dana Corp.'s bankruptcy petition.  Officers and directors should not be able to manipulate the bankruptcy laws by forcing their corporation into bankruptcy as a way to protect themselves.  Under the circumstances presented here, neither set of claims should be stayed.

## II.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE[1]

From April 2000 through September 2005, the Board and certain Dana Corp. officers caused or allowed the Company to disseminate false and misleading statements regarding the Company's financial condition to the investing public. *See*, *e.g.*, ¶¶48-93.[2]  In September 2005, the Board was finally forced to come clean and admit that the Company's earnings had been materially overstated for years. *Id.*  As a result, Dana Corp. restated the financial reports defendants had filed with the SEC from 2000 through 2004, and for the first two quarters of 2005. ¶99.  The Company lost over $2.0 billion in market capitalization, and became the subject of a formal SEC investigation. ¶¶104, 141.  Numerous federal securities class actions and shareholder derivative lawsuits, including plaintiff's, ensued.[3]

---

[1] All paragraph ("¶_") or ("¶¶_") references are to the Plaintiff's Verified Amended Shareholder Derivative and Class Complaint (the "Complaint") unless otherwise noted.

[2] Certain of Dana Corp.'s officers and directors also caused the false and misleading statements to be filed with the Securities and Exchange Commission ("SEC"). *See* ¶¶49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 90, 92.

[3] The following federal class actions were filed in the Northern District of Ohio and were ongoing before Dana Corp.'s March 3, 2006 petition for bankruptcy: *Johnson v. Dana Corporation, et al.,* Case No. 3:05-cv-07388-JGC, (Oct. 5, 2005) (Declaration of William J. Lucas in Support of Request for Judicial Notice in Support of Plaintiff's Response to the Court's April 11, 2006 Order to Show Cause ("Lucas Decl."), Ex. A); *Frank v. Dana Corporation, et al.,* Case No. 3:05-cv-07393-JGC, (Oct. 12, 2005) (Lucas Decl., Ex. B); *Amalgamated Workers Union Local 88 Welfare Fund v. Dana Corporation, et al.,* Case No. 3:05-cv-07406-JGC, (Oct. 21, 2005) (Lucas Decl., Ex. C); *Doty v. Dana Corporation, et al.,* Case No. 3:05-cv-07417-JGC, (Nov. 2, 2005) (Lucas Decl., Ex. D); and *Greenberg v. Dana Corporatio, et al.,* Case No. 3:05-cv-07457-JGC, (Dec. 5, 2005) (Lucas Decl., Ex. E).  The following shareholder derivative suits were filed in the Northern District of Ohio and were ongoing before Dana Corp.'s March 3, 2006 petition for bankruptcy: *Weidman v. Burns, et al.,* Case No. 3:05-cv-7464-JGC, (Dec. 8, 2005) (Lucas Decl., Ex. F); *Wang v. Bailar, et al.,* Case No. 3:06-cv-07038-JGC, (Jan. 31, 2006) (Lucas Decl., Ex. G); *Federle v. Burns, et al.,* Case No. 3:06-cv-07044-JGC, (Feb. 8, 2006) (Lucas Decl., Ex. H); *Casden v. Burns, et al.,* Case No. 3:06-cv-07068-JGC, (Mar. 2, 2006) (Lucas Decl., Ex. I); *Staehr v. Burns, et al.,* Case No. 3:06-cv-07069-JGC, (Mar. 2, 2006) (Lucas Decl., Ex. J).  The federal class actions were filed against Michael J. Burns, Chief Executive Officer and Chairman of Dana Corp.'s Board, Robert C. Richter, Chief Financial Officer of Dana Corp., and Dana Corp. ¶¶15-16; *see also* Lucas Decl., Exs. A-E.  The shareholder derivative lawsuits were filed against Michael J. Burns, Robert C. Richter, Richard B. Priory, A. Charles Baillie, Marilyn R. Marks, Edmund M. Carpenter, James P. Kelly, Cheryl W. Grisé, Samir G. Gibara, David E. Berges, Richard M. Gabrys, Glen H. Hiner, Benjamin F. Bailar, Eric Clark and Fernando M. Senderos.  *See* Lucas Decl., Exs. F-J.  These are the same defendants named in plaintiff's operative amended complaint. ¶¶15-29.

### A.    Plaintiff's Shareholder Derivative Claims

On October 12, 2005 and November 29, 2005, plaintiff sent the Company two demand letters asking the Board to commence legal action against those responsible for causing Dana Corp. so much harm.  ¶¶137-38.[4]  On January 29, 2006, Dana Corp.'s Audit Committee, on behalf of the full Board, sent plaintiff a letter rejecting her demands.  ¶139; *see also* Lucas OSC Decl., Ex. M.  On March 2, 2006, after further investigation, plaintiff filed a shareholder derivative action against certain of Dana Corp.'s officers and directors alleging various breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment and violations of the Sarbanes-Oxley Act of 2002.  *See* Lucas Decl., Ex. I.  The derivative claims seek to redress the substantial harm those officers and directors caused the Company as a result of the accounting improprieties that festered within Dana Corp. for over five years.  ¶¶143-68.

### B.    Plaintiff's Class Action Claims

Even after the need for financial restatements was announced, Dana Corp.'s officers and directors continued to reassure the public that Dana Corp. was able to meet all of its debt obligations as and when they became due.  ¶¶105-13.  Nevertheless, on March 3, 2006, the day after plaintiff filed her derivative action, the Board caused Dana Corp. to file a petition for bankruptcy.  Indeed, the Board that refused plaintiff's demand was the same Board that controls Dana Corp.'s estate as debtor-in-possession.  *See* ¶¶15, 17-25.  After further investigation, plaintiff filed an amended complaint

---

[4] *See also* Letter from Jeffrey P. Fink, Robbins Umeda & Fink, LLP, on behalf of Roberta Casden, to Michael J. Burns, Chairman of the Board of Directors of Dana Corporation, (Oct. 12, 2005) (Declaration of William J. Lucas in Support of Plaintiff's Response to the Court's April 11, 2006 Order to Show Cause ("Lucas OSC Decl."), Ex. K) (plaintiff, pursuant to Va. Code Ann. §13.1-672.1 demanding Dana Corp.'s Board commence legal action against certain officers and directors of the Company); Letter from Jeffrey P. Fink, Robbins Umeda & Fink, LLP, on behalf of Roberta Casden, to Michael J. Burns, Chairman of the Board of Directors of Dana Corporation, (Nov. 29, 2005) (Lucas OSC Decl., Ex. L) (plaintiff's follow-up demand letter); Letter from Robert E. Zimet, Skadden, Arps, Slate Meagher & Flom, LLP, on behalf of Dana Corporation's Board of Directors, to Jeffrey P. Fink, Robbins Umeda & Fink, LLP, (Jan. 25, 2006) (Lucas OSC Decl., Ex. M) (rejecting plaintiff's demand to commence legal action against certain of Dana Corp.'s officers and directors).

alleging class claims against certain officers and directors for filing a petition for bankruptcy in bad faith, in breach of their fiduciary duties to plaintiff and other similarly situated Dana Corp. shareholders.  ¶¶169-85.  Among other things, plaintiff alleges that defendants petitioned for bankruptcy to protect themselves from the substantial liability they faced in connection with several federal class actions and shareholder derivative suits filed against them individually, arising out of the false and misleading statements and accounting improprieties from 2000 to 2005.  ¶1.

### C.    The Court's Response to Dana Corp.'s Chapter 11 Bankruptcy Petition

On March 7, 2006, the Court entered an order directing the parties to advise the Court as to "what action, if any, this court can or should take in the event that the bankruptcy court issues an order of stay where Dana Corporation is a party."  *See* Docket No. 6.  Pursuant to that order, by and through their respective counsel of record, the parties submitted several letters to the Court.  *See* Letter from Joel W. Sternman, Katten Muchin Roseman, LLP, on behalf of all defendants in the shareholder derivative lawsuits, to Honorable James G. Carr, United States District Court (March, 14, 2006), Letter from Joel W. Sternman, Katten Muchin Roseman, LLP, on behalf of all defendants in the shareholder derivative lawsuits, to Honorable James G. Carr, United States District Court (March, 28, 2006) ("March 28 Letter") and Letter from Jeffrey P. Fink, Robbins Umeda & Fink, LLP, on behalf of Roberta Casden, to Honorable James G. Carr, United States District Court (March, 31, 2006) ("March 31 Letter").  Subsequently, on April 11, the Court entered an order directing plaintiff to show cause why this action should not be stayed.  *See* Docket No. 6.

## III.    ARGUMENT

### A.    This Court Has the Jurisdiction and the Duty to Determine Whether the Case Should Be Stayed

This Court has jurisdiction to hear plaintiff's equitable claims.  *See Simmons v. Miller*, 261

Va. 561, 573 (Va. 2001) (a "derivative action is an equitable proceeding");[5] *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 548 (1949) (derivative suit is a right given to a shareholder in equity because "without it there would be little practical check on … abuses" of corporate officers and directors); *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 960-61 (6th Cir. 1987) (court has jurisdiction to hear actions in equity).

In addition, the Court has jurisdiction to determine whether the stay provisions of Section 362 apply in this case.  *See N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir. 1986) ("'The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.'"); *Smith v. McInver*, 22 U.S. 532, 535 (1824) ("In all cases of concurrent jurisdiction, the Court which first has possession of the subject *must decide it.*"); *Riggs v. Johnson County*, 73 U.S. 166, 177 (1867) (same); *Utilities Ins. Co. v. Ledford*, 255 F.2d 123, 124-25 (6th Cir. 1958) (same); *Gillis v. Keystone Mut. Cas. Co.*, 172 F.2d 826, 828-29 (6th Cir. 1949) (same).

### B.      Plaintiff's Shareholder Derivative Claims Should Not Be Stayed

Plaintiff incorporates the arguments set forth in her letters to the Court dated March 24 and March 31, 2006.  *See* Letter from Jeffrey P. Fink, Robbins Umeda & Fink, LLP, on behalf of Roberta Casden, to Honorable James G. Carr, United States District Court (March, 24, 2006) ("March 24 Letter") and March 31 Letter.  As of the date hereof, plaintiff has not found any cases holding the automatic stay applies to claims filed on behalf of the debtor where the derivative claims were filed (1) before the bankruptcy petition and (2) after the shareholder plaintiff's demand was refused by the board.

---

[5]  Here, as throughout, all citations are deemed omitted and all emphasis is deemed added unless otherwise noted.

1.       **Section 362's Provisions Only Apply to Actions Against Debtors, Not to Actions Brought By or on Behalf of Debtors**

Section 362's provisions staying litigation against the debtor do not apply to actions against non-debtors, such as officers and directors of the debtor corporation. As the Sixth Circuit observed, "said provision facially stays proceedings 'against the debtor' and fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor." *See Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983); *In re First Cent. Fin. Corp.*, 238 B.R. 9, 18 (E.D.N.Y. 1999) ("Third-party defendants or co-defendants are typically not provided such protection. Therefore, lawsuits instituted against officers and directors of a corporate debtor are usually not stayed."); *In re Crazy Eddie Secs. Litig.*, 104 B.R. 582, 583 (E.D.N.Y. 1989) ("stays pursuant to §362(a) are limited to debtors and 'do not encompass non-bankrupt co-defendants'") (quoting *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)); *Cornick v. Hi Grade Cleaners, Inc.*, 595 F. Supp. 718, 720-21 (N.D. Ill.1984) (holding that the automatic stay does not apply to claims against the debtor's non-bankrupt co-defendants); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 314 (6th Cir. 2000) ("absent unusual circumstances the stay 'does not extend … to separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation'"); *In re Hillsborough Holdings Corp.*, 130 B.R. 603, 605 (Bkrtcy. M.D. Fla. 1991) (Section 362 does not prohibit discovery "involving the employees of the debtor").

Plaintiff's derivative claims are against individual directors and officers of Dana Corp., not against Dana Corp. itself. ¶¶15-29; *see also* Va. Code Ann. §13.1-672.1. Although Dana Corp. is named as a nominal defendant, *see* ¶14, any relief plaintiff obtains runs in Dana Corp.'s favor. *See Meyer v. Fleming*, 327 U.S. 161, 167 (1946) ("The corporation is a necessary party. … Hence, it is joined as a defendant. But it is only nominally a defendant, since any judgment obtained against the real defendant runs in its favor."). Thus, the Section 362 stay does not apply to protect officers and

directors who breached their fiduciary duties to Dana Corp.  *See Walters v. First Tennessee Bank, N.A. Memphis*, 855 F.2d 267, 270-71 (6th Cir. 1988) (Section 362 is not applicable to a shareholder derivative action brought on behalf of the debtor).

Nor does Section 362 stay claims ***brought by the debtor***.  *See Checkers Drive-In Rests., Inc. v. Comm'r of Patents & Trademarks*, 51 F.3d 1078, 1082 (D.C. Cir. 1995) ("we have held that, although the automatic stay blocks many legal actions against the debtor, ***it does not similarly bar claims brought by the debtor against other parties***"); *Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) ("[t]he statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate"); *see also Kilmer v. Flocar, Inc.*, 212 F.R.D. 66, 73 (N.D.N.Y. 2002); *Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Orpheum Theater Co., Ltd.*, 151 B.R. 560, 563 (D. Kan. 1993).  *See also Worth v. Tamarack Am, a Div. of Great Am Ins. Co.*, 47 F. Supp. 2d 1087, 1099 (S.D. Ind. 1999) ("Unlike situations where the debtor is the defendant in litigation, the automatic stay provision of the bankruptcy code does not freeze litigation where the debtor is the plaintiff.  *See Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir. 1989) ('For in any event the automatic stay is inapplicable to suits by the bankrupt ("debtor," as he is now called.')).");  *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991) ("within one case, actions ***against*** a debtor will be suspended even though closely related claims asserted ***by*** the debtor may continue").

Here, plaintiff's claims are brought on behalf of the debtor — Dana Corp. — for the benefit of Dana Corp.'s estate.  ¶134 ("Plaintiff brings this action derivatively in the right and for the benefit of Dana"); *see Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642-43 (1977) ("for shareholder derivative actions, … the ***shareholders could presumably pursue the corporate rights of action, which would inure to their benefit, even if the corporations themselves chose not to do so***"); *see also Simmons*, 261 Va. at 574 (shareholder derivative suits "protect[] corporate creditors by putting the proceeds of the recovery back in the corporation").  Section 362 thus does not stay claims

brought by, or on behalf of, Dana Corp. (the debtor) against its officers and directors, which is exactly what derivative claims do.

2. **Plaintiff is Entitled to Bring Her Derivative Claims Under Virginia Law**

  a. **Virginia Law Controls Whether Plaintiff May Bring an Action on Behalf of Dana Corp.**

Dana Corp. is a Virginia corporation. Thus, Virginia law determines whether plaintiff has a right to pursue relief on behalf of Dana Corp. after the Board rejected her demand to pursue these claims. *See*, *e.g.*, *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 98 (1991) (holding that in a derivative suit, federal courts must turn to the common law of state of incorporation to decide certain questions not addressed by federal law, such as the contours of the demand futility doctrine).

Under Virginia law, plaintiff has a statutory right to pursue a derivative action on Dana Corp.'s behalf because (1) she made a formal demand on Dana Corp.'s Board, asking the Company in letters dated October 12, 2005 and November 29, 2005, to commence action against those responsible for Dana Corp.'s inaccurate financial statements, among other things, and (2) the Board rejected that demand in a letter dated January 25, 2006. *See* Va. Code Ann. §13.1-672.1; ¶¶137-39. Accordingly, plaintiff had the right to sue Dana Corp.'s officers and directors in a derivative suit any time after January 25, 2006. *See also*, Va. Code Ann. §13.1-672.1; *Fid. & Deposit Co. of Maryland v. Conner*, 973 F.2d 1236, 1240 (5th Cir. 1992) (shareholders have a "right to bring a derivative action on behalf of the corporation [when it] arises out of unwillingness on the part of management of that corporation to bring the claim directly"); 13 W. Fletcher, Cyclopedia of the Law of Private Corporations §5954 (rev. ed. 1991) ("[t]he right to sue arises from the fact that the corporation itself refuses to sue").

Dana Corp.'s estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. §541(a)(1). "Under federal bankruptcy law, any property of the debtor's estate which 'the [debtor-in-possession] may use, sell, or lease' pursuant to

11 U.S.C. §363 must be turned over to the [debtor-in-possession] by any entity 'in possession, custody, or control' of such property." *In re Graham Square, Inc.*, 126 F.3d 823, 831 (6th Cir. 1997) (citing 11 U.S.C. § 542(a)). Yet, "[t]o determine the extent of an estate's interest in property, [the Court] *must look to property rights defined under state law*." *Id.* at 827. Moreover, the debtor-in-possession "succeeds only to the title and rights in property that the debtor had and takes the property subject to the same restrictions that existed at the time the debtor filed the petition." *Id.* at 831 (citing *In re Schauer*, 835 F.2d 1222, 1225 (8th Cir.1987)); *see also id.* ("a debtor's rights may not be expanded beyond what they were at the commencement of the case"). Thus, because plaintiff's right to pursue her derivative claims vested before Dana Corp. filed its bankruptcy petition, the debtor-in-possession takes those claims subject to plaintiff's right to pursue those claims herself.

### b.    Plaintiff Retains Concurrent Right to Pursue Derivative Claims

A debtor-in-possession does not have exclusive jurisdiction to maintain all actions, since derivative claims may be brought by an interested party when the debtor-in-possession wrongly refuses that party's demand to bring an action. *See generally In re Gibson Group, Inc.*, 66 F.3d 1436 (6th Cir. 1995) (holding creditor has derivative standing to bring avoidance claim when debtor-in-possession wrongly refuses demand).

In *Meyer*, 327 U.S. 161, the Supreme Court held that the appointment of a trustee in a corporate reorganization did not preclude shareholder's prosecution of derivative action commenced before bankruptcy petition was filed. 327 U.S. at 165-67. As the Court stated, "[t]itle to the claim vests, of course, in the bankruptcy trustee," and the trustee can "start a new suit and cause the old one to be abated, or intervene in the old one and obtain such benefits as it affords." *Id.* at 165. The Supreme Court also stated, however, that the trustee might reasonably let the shareholder derivative suit "run its course," in part because that suit benefits the debtor's estate. *Id.* at 166. Similarly, a Court could let plaintiff's shareholder derivative claims run their course without violating any

provision of Section 362.  *See Gibson*, 66 F.3d at 1441 ("A debtor-in-possession has all the powers of a trustee.") (citing 11 U.S.C. §1107(a)).

> If [plaintiff's] claim[s] were to be filed after the petition for the reorganization … had been approved, it could be done only with the consent of the bankruptcy court.  For it has exclusive authority to determine how causes of action which have become part of the bankruptcy estate shall be enforced.  ***But since the claim was filed before the petition ... had been approved, no reason is apparent why that event should have a different effect on the claim than it would have had on a suit which had been previously instituted by or on behalf of the corporation***.

*Meyer*, 327 U.S. at 169; *see also id.* at 167 ("The reasons of policy for holding that ordinary suits to enforce a corporate claim are not abated when the corporation is adjudged a bankrupt or when a receiver is appointed are equally applicable [in a derivative suit].").

Plaintiff brought her derivative claims before Dana Corp. filed bankruptcy.  As a result, plaintiff maintains a concurrent right, together with the debtor-in-possession ("DIP"), to pursue her action.  Of course, since the Board of the DIP is identical in composition to the Board that refused plaintiff's demands to bring those claims directly, the DIP has waived its right to pursue that right, and is otherwise estopped to assert that right here.  ¶¶15, 17-25.

### 3.   Dana Corp. Waived Its Right to Assert Plaintiff's Derivative Claims Directly and Is Estopped to Assert Those Claims Now

Although plaintiff has a right under state law to pursue her shareholder derivative claims, Dana Corp. (as DIP) normally would retain the right to "start a new suit and cause the old one to be abated, or intervene in the old one and obtain such benefits as it affords."  *See Meyer*, 327 U.S. at 165.  Here, however, Dana Corp. has waived its right and is estopped to take such action.  As the Supreme Court has stated, "it is sensible to view the debtor-in-possession as the same 'entity' which existed before the filing of the bankruptcy petition."  *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 527-28 (1983).  Nevertheless, Dana Corp.'s Board, now the debtor-in-possession, refused to take action pursuant to plaintiff's demands.  ¶¶137-39.  Under Virginia law, by virtue of its prior decision refusing to pursue these corporate claims against the liable officers and directors of the Company,

the Board is estopped from attempting to take over plaintiff's claims.  *See Waynesboro Village, L.L.C. v. BMC Props.*, 255 Va. 75, 82 (Va. 1998) (setting forth elements of estoppel).

Here, the Board stated it would not pursue plaintiff's claims, ¶139, and plaintiff relied on the Board's decision to reject her demands and elected to pursue those claims in a shareholder derivative action on Dana Corp.'s behalf.  Moreover, plaintiff has spent considerable time and resources to investigate her derivative claims before bringing suit.  Thus, the Board is estopped from asserting any control over those claims now.

Similarly, the Board has waived any rights it had over plaintiff's derivative claims.  Waiver "'is the voluntary, intentional abandonment of a known legal right, advantage, or privilege.'"  *See Baumann v. Capozio*, 269 Va. 356, 360 (Va. 2005) (citing *Fox v. Deese*, 234 Va. 412, 425 (1987)).  In this case, the Board deliberately relinquished its legal right to pursue the claims plaintiff demanded when it voluntarily rejected her demands that they do so.  *See* Lucas OSC Decl., Ex. L-M.

Significantly, under the Bankruptcy Code, Dana Corp. has no power to "investigate the actions … of the debtor's business" due to the inherent conflict of interest when defendants are asked to investigate themselves.  *See* 11 U.S.C. §1106(a)(3); 11 U.S.C. §1170(a) (exempting the debtor-in-possession from the duties of a trustee imposed under 11 U.S.C. §1106(a)(3)).  Dana Corp., as debtor-in-possession, thus is prevented from investigating and commencing legal action against those running the Company.  *See Kamen*, 500 U.S. at 96 ("the purpose of the derivative action was to place in the hands of the individual shareholder a means to protect the interests of the corporation from the misfeasance and malfeasance of 'faithless directors and managers'"); *Meyer*, 327 U.S. at 167.

### 4.     The Policies and Purposes Underlying the Stay Support Plaintiff's Right to Pursue the Shareholder Derivative Claims Here

The "central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new

opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)).   Similarly, the purpose of the automatic stay provisions under Section 362 is to give a debtor a "breathing spell from his creditors" during which the debtor can "attempt a repayment … plan, or simply … be relieved of the financial pressures that drove him into bankruptcy."  H.R. Rep. No. 95-595, at 340 (1977) (observing that another purpose of the automatic stay is to protect creditors by providing "an orderly liquidation procedure under which all creditors are treated equally" rather than "a race of diligence by creditors for the debtor's assets"); Lucas Decl., Ex. N.  Plaintiff's claims serve these policies, as they seek to benefit Dana Corp.'s financial position by holding third parties responsible for the harm they have caused.  ¶¶143-85.

"[T]he automatic stay provisions should be construed no more expansively than is necessary to effectuate legislative purpose."  *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 245 (9th Cir. 1994) (quoting *In re Cont'l Air Lines, Inc.*, 61 B.R. 758, 779 (S.D.Tex. 1986)). Specifically, Section 362 is designed:

> (1) to provide the debtor a breathing spell from his or her creditors by stopping all collection efforts, (2) to protect creditors from each other by stopping the race for the debtor's assets and preserving the assets for the benefit of all creditors and (3) to provide for an orderly liquidation of administration of the estate.

*In re N. Coast Village, Ltd.*, 135 B.R. 641, 643 (9th Cir. 1992).  Plaintiff's claims do not conflict with the purposes of Section 362 to "protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors." *Martin*, 892 F.2d at 577.  Plaintiff's action is not a collection effort against Dana Corp., and it is not an attempt to foreclose upon or otherwise control its assets.  Plaintiff's derivative claims will only add value to the estate.  *See Meyer*, 327 U.S. at 167 ("The claim sought to be enforced in a derivative suit may be an important asset of the estate.").  Plaintiff's derivative claims are governed by Virginia law, which recognizes that shareholder

derivative suits "protect[] corporate creditors by putting the proceeds of the recovery back in the corporation." *See Simmons*, 261 Va. at 574; *see also Kamen*, 500 U.S. at 98; *Smith v. Sperling*, 354 U.S. 91, 96 (1957).

Plaintiff's derivative claims, which recover proceeds owed to the debtor's estate as the result of third-party misconduct, therefore do not impede the bankruptcy process, but actually enlarge the pool of proceeds available to creditors and shareholders. *See Meyer*, 327 U.S. at 167 ("The claim sought to be enforced in a derivative suit may be an important asset of the estate. It might be lost to the estate through the operation of statutes of limitations, if the trustee or receiver were required to start anew. As in case of ordinary suits to enforce corporate claims, he should be allowed a choice to let the suit continue under the stockholders' auspices"); *Simmons*, 261 Va. at 574. Indeed, under Virginia law, the statute of limitations runs despite the filing of bankruptcy because the claims are against third-parties, and not the debtor. *Rest. Co. v. United Leasing Corp.*, No. 051451, 2006 WL 1042239, at *5 (Va. Apr. 21, 2006). Therefore, saying this action could forever bar Dana Corp. from commencing this action against the liable officers and directors because the same directors who refused plaintiff's demand now control the debtor-in-possession.

The *Meyer* decision supports our position that no stay should be entered in this action. In *Meyer*, the Court acknowledged that the "expense involved [in shareholder derivative litigation] might indicate to the trustee that it was more provident for him not to intervene in the existing suit." 327 U.S. at 165. Plaintiff has filed this suit in Ohio, where Dana Corp. is headquartered, and where most of the relevant documents and witnesses are located. ¶14 (Dana Corp. is headquartered in Toledo, Ohio). Because Dana Corp. headquartered in Ohio, Ohio has an interest in overseeing and remedying any wrongs committed there. *Id.*; 28 U.S.C. §1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it … has its principal place of business"). Moreover, three of the individual defendants are citizens of Ohio. *See* ¶¶15-16, 23. In contrast, the bankruptcy court is in New York, where none of the officer and director reside, where Dana Corp. has no known

- 13 -

corporate offices, none of the harm was directed, and little, if any, relevant evidence, including documents and witnesses, are located. *See* ¶¶15-29. Thus, because plaintiff's action was filed in Ohio, it is more efficient to allow it to proceed there. *See Meyer*, 327 U.S. at 165.

Finally, any continued delay of this action "increases the likelihood that evidence in support of [plaintiff's] position will be lost and that discovery and trial will be made more difficult." *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). The individual defendants apparently desire to stay plaintiff's claims to avoid being held accountable for their roles in Dana Corp.'s downturn. Such a stay would lead to the undesired effect of risking the loss of key documents and fading witness recollections. *See United States v. Vispi*, 545 F.2d 328, 334-35 (2d Cir. 1976) (delay made locating old records and dealing with dimmed recollections "a formidable task"); *see also United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 379 (2d Cir. 1979) (delay makes locating witnesses more difficult). However, the Bankruptcy Code in general and Section 362's automatic stay provisions do not and should not shield Dana Corp.'s officers and directors from fully compensating the Company, or the Company's shareholders and creditors, for the substantial harm they caused to Dana Corp. Since they do not limit or otherwise impair Dana Corp.'s effort to reorganize in bankruptcy, there is no basis to stay plaintiff's derivative claims.

### C.     Plaintiff's Class Claims Should Not Be Stayed

Virginia law provides that officers and directors owe fiduciary duties not only to the corporation they serve, but also directly to shareholders of that corporation. *WLR Foods, Inc. v. Tyson Foods, Inc.*, 869 F. Supp. 419, 421 (W.D.Va. 1994) ("[a] Virginia corporation's directors and officers owe a duty of loyalty both to the corporation and to the corporation's shareholders"); *Glass v. Glass*, 228 Va. 39, 47 (Va. 1984); *Adelman v. Conotti Corp.*, 215 Va. 782, 789 (Va. 1975). As noted, *supra*, plaintiff's class claims are only against Dana Corp. officers and directors, not against Dana Corp. — the debtor. Section 362 automatically stays judicial proceedings against a debtor upon the filing of a petition for bankruptcy. 11 U.S.C. §362(a). However, Section 362's automatic

stay applies **only** to actions against the debtor.  *Lynch*, 710 F.2d at 1196.  The Sixth Circuit has further held that "[i]t is universally acknowledged that an automatic stay of proceeding accorded by §362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor."  *Id.*

Here, plaintiff's class claims are against non-debtor officers and directors of Dana Corp. ¶¶169-85.  Further, plaintiff's class claims accrue to the direct benefit of plaintiff and the individual shareholders of Dana Corp.  As plaintiff has alleged, Dana Corp.'s officers and directors decision to force Dana Corp. into bankruptcy was made in bad faith, causing direct harm to Dana Corp. shareholders as the result of the relegation of rights shareholders retain in bankruptcy.  ¶1. Therefore, plaintiff's class claims, against non-debtor third-parties, accruing to the benefit of the class of Dana Corp. shareholders, are not stayed by Section 362.

## IV.    CONCLUSION

For the foregoing reasons, the Court should decline to impose any stay in these proceedings. Plaintiff's derivative claims are in the best interests of Dana Corp., Dana Corp. creditors and Dana Corp. shareholders while comporting with the underlying policies and purposes of the Bankruptcy Code.  Plaintiff's class claims are not subject to the automatic stay in any event.

DATED:  May 1, 2006                                    WILLIAM J. LUCAS CO., L.P.A.


                                                              /s/William J. Lucas
                                                       _____
                                                       William J. Lucas
                                                       Supreme Ct. #0008268)
                                                       1360 West 9th Street, Suite 200
                                                       Cleveland, OH  44113
                                                       Telephone: 216/771-8340
                                                       Facsimile: 216/522-9007
                                                       lucaslpa@hotmail.com

                                                       ROBBINS UMEDA & FINK, LLP
                                                       BRIAN J. ROBBINS
                                                       JEFFREY P. FINK
                                                       S. BENJAMIN ROZWOOD
                                                       D. SCOTT CARLTON
                                                       610 West Ash Street, Suite 1800

San Diego, CA 92101
Telephone: 619/525-3990
Facsimile:  619/525-3991

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2006, I caused the forgoing document to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Joseph P. Thacker
Cooper & Walinski
900 Adams Street
Toledo, OH 43624
thacker@cooperwalinski.com

/s/William J. Lucas
William J. Lucas
