IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roberta Casden, *Derivatively on Behalf of Dana Corporation and on Behalf of All Others Similarly Situated*,

    Plaintiff,

v.

Michael J. Burns, *et al.*,

    Defendants.

Case No. 3:06cv7068

ORDER

These are shareholder derivative claims and class action claims. Roberta Casden is a shareholder of Dana Corporation (Dana) and has brought suit on behalf of that company, in her individual capacity, and on behalf of other shareholders. Casden contends in essence that Dana's independent directors breached their fiduciary duties to both the company and its shareholders.

Jurisdiction exists pursuant to 28 U.S.C. § 1332.

Pending is this court's show cause order as to why this case should not be stayed as a result of Dana's having filed a bankruptcy petition. For the following reasons, the derivative claims shall be stayed and the class action claims may go forward.

**Background**

The defendants are independent directors of Dana.[1] That company is a Toledo-based supplier of automobile parts. Casden alleges that Dana, whose business had suffered due to price increases in raw materials, began in 2000 to misstate its net income to meet earnings expectations. The plaintiff claims those actions constitute breaches of the independent directors' fiduciary duties to

---

[1] Casden has also named Dana as a nominal defendant, but only to comply with the pleading requirements for a derivative action.

both the shareholders and the company itself.

Casden filed her action on March 2, 2006. The next day, Dana petitioned the Bankruptcy Court in the Southern District of New York for Chapter 11 protection. I subsequently issued an order directing the plaintiff to show cause why this action should not be stayed pending those proceedings.

## Discussion

Casden's complaint includes two types of actions: 1) shareholder derivative claims on behalf of the company; and 2) class action claims on behalf of all Dana shareholders. The Bankruptcy Code's automatic stay provisions apply differently to each type of claim.

### 1. The Derivative Claims

The Bankruptcy Code's automatic stay provision bars "any act to . . . exercise control over property of the estate." 11 U.S.C. § 362(a)(3). That "property" includes "all legal or equitable interests of the debtor." 11 U.S.C. § 541(a)(1). The Supreme Court has interpreted that provision to encompass "tangible and intangible property [and] causes of action." *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983). Because a derivative suit belongs to the debtor-corporation, not the shareholder, *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 589 (7th Cir. 2003), the issue, accordingly, is whether the automatic stay necessarily bars Casden's derivative causes of action.

Had Casden filed her claim after Dana petitioned for bankruptcy protection, this would be a simple matter. The defendants have cited ample authority for the proposition that the automatic stay bars all post-petition derivative actions. *See, e.g., Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1175 (9th Cir. 2006); *Cumberland Oil Corp. v. Thropp*, 791 F.2d 129, 131 (2d Cir. 1984); *In re Gen. Dev. Corp.*, 179 B.R. 335, 338 (S.D. Fla. 1995). Here, however, Casden filed her derivative action the day before Dana

entered bankruptcy and claims an exception exists in favor of pre-petition derivative action to the general rule defendants cite.

Central to this disagreement is the applicability of a 1946 Supreme Court decision, *Meyer v. Fleming*, 327 U.S. 161 (1946). Casden contends that the Supreme Court ruled that, where the plaintiff filed the action before the bankruptcy petition, the shareholder and the bankruptcy trustee have concurrent rights to bring the action,. *Id.* at 167-70. Defendants, in contrast, assert that *Meyer,* which was decided under the Bankruptcy Act, has been superceded by the Bankruptcy Code. *In re Bailey*, 306 B.R. 391, 395 (Bankr. D.D.C. 2004) (rejecting *Meyer* as decided under the Bankruptcy Act rather than the Bankruptcy Code); *In re Dwight*, 1992 WL 105967, at *4 (W.D. Okla.) (same).

If *Meyer* is no longer controlling, then the plain language of the Bankruptcy Code, and the subsequent case law, indicate Casden would not have standing to bring this action without the permission of the Bankruptcy Court or the trustee. *Estate of Spirtos*, 443 F.3d at 1175; *Cumberland Oil Corp. v. Thropp*, 791 F.2d at 131; *In re Gen. Dev. Corp.*, 179 B.R. at 338.

Even assuming that *Meyer* remains good law, it does not, however, give Casden with an unfettered right to bring this action. Under *Meyer*, the trustee or receiver is "allowed a choice to let the [derivative] suit continue under the shareholders' auspices . . . or, in case he deems it more provident from the point of view of the estate to make a settlement of the claim or to reserve it for the reorganized company, to cause it to be abated." 327 U.S. at 167-68 (citations omitted). Thus, even under *Meyer*, the trustee has control over whether this action goes forward.[2]

---

[2] It is not clear if there is a trustee in this bankruptcy. In many cases, the debtor administers the estate during the reorganization as a debtor in possession. *Official Comm. of Unsecured Creditors of Cybergenics Corp v. Chinery,* 330 F.3d 548, 573 (3rd Cir.2003). If the Bankruptcy Court decides not to appoint a trustee, then the debtor in possession has all the powers of the trustee and the same fiduciary duties toward the estate. *Id.* (citing 11 U.S.C. § 1107(a)). Accordingly, if there is no trustee

The better course of action in these circumstances is to stay the derivative causes of action until the parties determine both the trustee's and the Bankruptcy Court's positions with respect to these issues. Casden may petition the Bankruptcy Court "to compel the debtor in possession to either bring suit or abandon the claim." *Seinfeld v. Allen*, 2005 WL 1231644 (S.D.N.Y.), *aff'd* 2006 WL 461385 (2d Cir.). She may also request the Bankruptcy Court grant her permission to pursue the action. *In re Gibson Group, Inc.*, 66 F.3d 1436, 1443 (6th Cir. 1995). In any event, this action will be stayed pending those determinations.[3]

### 2. The Class Action Claims

The automatic stay provisions, however, apply differently to the class action claims. Casden brought these claims on her own behalf, and on behalf of all other Dana shareholders, rather than derivatively on Dana's behalf. They are, accordingly, on their face, not property of the bankruptcy estate and not subject to the automatic stay. 11 U.S.C. § 362(a)(3).

The defendants, nevertheless, contend these claims should not go forward. They assert: 1) these claims are state-law collateral attacks on the bankruptcy, which Federal law preempts and 2) these claims are nothing more than repackaged derivative claims, subject to the same stay discussed *supra*.

---

in these Chapter 11 proceedings, Dana has any discretion the trustee might have with respect to the derivative actions.

To the extent Casden argues she may pursue the derivative action because Dana, allegedly, abandoned this cause of action by declining to prosecute it in response to her correspondence, that argument lacks merit. A debtor's mere failure to prosecute an action, absent an order from the Bankruptcy Court, does not constitute abandonment. *In re Gen. Dev. Corp*, 179 B.R. at 339.

[3]

These arguments, however, are improper at this time. At issue presently is whether the automatic stay provisions bar these claims. With respect to the defendants' first argument, federal preemption is an affirmative defense, a matter plead appropriately in an answer, or a Rule 12(b) motion. It has no relation to the automatic stay provisions.

Defendants' second argument is also presently untimely. While I find no cases addressing this precise procedural posture, on its face, Casden's complaint does not run afoul of the automatic stay provisions. Accordingly, I will reserve ruling on the defendants' contentions about the nature of the class claims until the issues are fully briefed, presumably in a Rule 12(b) motion.

## Conclusion

In light of the foregoing, it is, therefore,

ORDERED THAT:

1. The shareholder derivative claims shall be, and the same hereby are stayed;

2. The class action claims shall go forward.

3. A status/scheduling conference is set for July 11, 2006 at 1:30 p.m.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge